UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MILLICENT I. DALY,

                                  Plaintiff,

                -vs-                                  15-CV-364-JTC

CAPITAL MANAGEMENT SERVICES, LP,

                                  Defendant.
_____

Plaintiff Millicent I. Daly commenced this action on April 24, 2015, seeking damages against defendant Capital Management Services, LP ("CMS"), based on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*. and New York General Business Law ("GBL") § 349 (Item 1).  In lieu of an answer, defendant has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted (*see* Item 4).  For the reasons that follow, the motion to dismiss is granted.

## **BACKGROUND**

As alleged in the complaint, CMS sent plaintiff a letter dated December 11, 2014, which states:

> ORIGINAL CREDITOR: DEPARTMENT STORES NATIONAL BANK
> CURRENT CREDITOR: DEPARTMENT STORES NATIONAL BANK
> DESCRIPTION: BLOOMINGDALES
> ACCOUNT #: XXXX9318
> AMOUNT ENCLOSED: _____
> AMOUNT OF DEBT: $2326.37
>
> * * *
> Dear Millicent I Daly:    December 11, 2014

> This company has been engaged by Bloomingdale's to resolve your delinquent debt of $2326.37.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mall you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.
>
> You may contact Capital Management Services, LP. at ....  Please submit your payment and make your check or money order payable to DSNB at the address listed below.  Payments and correspondence should be mailed to: Capital Management Services, LP. …
>
> This is an attempt to collect a debt; any Information obtained will be used for that purpose.  This communication is from a debt collector.

Item 1-2.

Plaintiff alleges that this collection letter fails to properly identify the creditor to whom the debt is owed, as required by 15 U.S.C. §§ 1692e and 1692g(a)(2), because it is unclear "from the perspective of the 'least sophisticated consumer' " whether the debt is owed to Department Stores National Bank or Bloomingdales.  Item 1, ¶¶ 17-37.  Plaintiff claims that the letter also constitutes a deceptive business practice in violation of GBL § 349(a). *Id.* at ¶¶ 38-49.

In support of its motion to dismiss, CMS contends that the complaint fails to allege a plausible claim upon which relief can be granted because the December 11, 2014 collection letter fully complies with the requirements of the FDCPA and GBL by clearly and unambiguously identifying the creditor to whom the debt is owed (Department Stores National Bank), as well as the store where the debt was incurred (Bloomingdales), in a

manner sufficient to allow the least sophisticated consumer to readily identify and recognize the debt. See Item 4-1. Plaintiff responds that the complaint states a plausible claim for relief because the collection letter, read as a whole, conveys the information in a confusing or contradictory fashion so as to cloud the message with uncertainty. See Item 7.

## DISCUSSION

**I.     Standard on a Motion to Dismiss Under Rule 12(b)(6)**

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). In order to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "a plausible set of facts sufficient 'to raise a right to relief above the speculative level.' " Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Smith v. RJM Acquisitions, LLC, 2014 WL 3107291, at *2 (W.D.N.Y. July 7, 2014). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

Notably, courts within the Second Circuit "have not hesitated to dismiss claims brought pursuant to the FDCPA where the debt collection letter alleged to have run afoul of the statute does not, as a matter of law, provide the basis for a statutory violation." *Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003); *see also Shapiro v. Dun & Bradstreet Receivable Management Services, Inc.*, 209 F. Supp. 2d 330, 333-34 (S.D.N.Y. 2002) (language in collection letter not reasonably susceptible to misinterpretation or likely to cause "least sophisticated consumer" to misunderstand his rights), *aff'd*, 59 F. App'x 406 (2d Cir. 2003).

## II.     FDCPA

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). In particular, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether a collection notice is "false, deceptive, or misleading" under the FDCPA "is determined from the perspective of the objective 'least sophisticated consumer.' " *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319. Debt collectors that violate the FDCPA are strictly liable, meaning that "a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

The Second Circuit has noted that, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Clomon*, 988 F.2d at 1319 (citing cases). Accordingly, the statute's protection against deceptive debt collection practices "does not extend to every bizarre or idiosyncratic interpretation" of a collection notice, and courts are cautioned to apply the "least sophisticated consumer" standard "in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Easterling*, 692 F.3d at 233-34 (internal quotation marks and citation omitted).

A.   **15 U.S.C. § 1692g(a)(2)**

In the First Count of the complaint, plaintiff alleges that the December 11, 2014 collection letter fails to clearly convey "the name of the creditor to whom the debt is owed …," as required under 15 U.S.C. § 1692g(a)(2).[1] According to plaintiff, the language

---

[1] The full text of Section 1692g(a) reads as follows:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period,

in the first line of the body of the collection letter, which states that CMS "has been engaged by Bloomingdale's to resolve your delinquent debt," overshadows and contradicts the information contained in the caption of the letter, identifying Department Stores National Bank as the current creditor. Plaintiff claims this language makes it unclear to the least sophisticated consumer whether the debt is owed to Bloomingdales or to the bank.

In this regard, the courts have found collection notices to violate section 1692g(a) where the notice contains language that "overshadows or contradicts" other language informing a consumer of her rights. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (statement in collection letter demanding immediate payment overshadowed language notifying consumer of right to dispute validity of debt within 30 days). Language in a debt collection notice will be found to be "overshadowing or contradictory if it fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Id.* (citing *Russell*, 74 F.3d at 35).

Here, there can be no dispute that the "least sophisticated consumer" who read the entire December 11, 2014 letter would have known that Department Stores National Bank is "the name of the creditor to whom the debt is owed …," as required for compliance with Section 1692g(a)(2). *See Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) ("The court's role is to assess whether the 'least sophisticated consumer' who read the entire letter would have been aware that the name of the creditor appeared in the letter pursuant to 1692g(a)(2)."). The letter clearly and unambiguously states that Department Stores National Bank is both the original creditor and current creditor on

---

the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

plaintiff's delinquent Bloomingdales store account, which is described by name and identified by the account number.  The letter further explains that CMS was engaged by Bloomingdales to resolve the delinquent debt, and directs the payment to be made to "DSNB," the creditor.  Reading the December 11, 2014 letter as a whole, and avoiding any bizarre or idiosyncratic interpretation, even the least sophisticated consumer would have been aware that Department Stores National Bank is the creditor to whom the debt is owed, and there is nothing contained in the notice that could reasonably be construed to contradict or impair the consumer's understanding of her rights in this regard.

Accordingly, plaintiff has failed to allege facts sufficient to state a facially plausible claim for relief pursuant to 15 U.S.C. § 1692g(a)(2), and that claim must be dismissed.

### B.     15 U.S.C. § 1692e

In the Second Count of the complaint, plaintiff claims that the same alleged flaw in the collection letter's language constitutes a violation of Section 1692e, which generally prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt."   15 U.S.C. § 1692e.  As discussed above, however, the December 11, 2014 collection letter clearly and unambiguously identifies Department Stores National Bank as the creditor to whom the debt is owed, and there is no contradictory language contained in the letter that would confuse the least sophisticated consumer as to the identity of the current creditor on plaintiff's delinquent Bloomingdales store account.  See Easterling, 692 F.3d at 233 (collection notices can be "deceptive" under general prohibition of § 1692e "if they are open to more than one reasonable interpretation, at least one of which is inaccurate").

As such, plaintiff has failed to allege facts sufficient to state a facially plausible claim for relief pursuant to 15 U.S.C. § 1692e, and that claim must also be dismissed.

### C. New York General Business Law § 349

The final count of plaintiff's complaint alleges that the December 11, 2014 collection letter violates GBL § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business." To state a viable claim under this statute, plaintiff must allege that: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). The standard to determine whether an act is materially misleading under Section 349 is an objective one, requiring a plaintiff to show the act was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.*; *see also Fritz v. Resurgent Capital Services, LP*, 955 F. Supp. 2d 163, 174 (E.D.N.Y. July 24, 2013) (Section 349's "reasonable consumer" standard is more stringent than FDCPA's "least sophisticated consumer" standard).

As the discussion above indicates, plaintiff has failed to allege facts sufficient to raise a reasonable inference that the least sophisticated consumer would likely be misled by the language in the December 11, 2014 collection letter as to the name of the creditor to whom the debt is owed. It therefore follows that this same language would not materially mislead the reasonable consumer.

Accordingly, the court finds that plaintiff has failed to allege facts sufficient to state a plausible claim for relief under GBL § 349.

**CONCLUSION**

For the foregoing reasons, defendant's Rule 12(b)(6) motion to dismiss (Item 4) is granted, and the complaint is dismissed.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: August 6, 2015
p:\pending\2015\15-364.july15.2015